**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 27, 2020**

# In the Court of Appeals of Georgia

A19A1844. DAVIS v. THE STATE.

COOMER, Judge.

Antonio Demarcus Davis appeals the trial court's denial of his extraordinary motion for new trial on the grounds that he did not knowingly and intelligently waive his right to counsel both for his trial and his appeal. Davis contends that because the trial court failed to warn him of the dangers and disadvantages of proceeding both to trial and on appeal without counsel, he has demonstrated "good reason" as to why his motion for new trial was not filed within the 30-day period following judgment. Davis also argues that a new trial is necessary because his right to confront the witnesses against him was violated when the trial court allowed expert testimony by Skype without first making a finding that face-to-face confrontation was unnecessary and by allowing the expert to testify regarding DNA evidence despite not signing the

testimonial certificate or performing the DNA test. Because Davis' claims alleged different instances in which his constitutional rights were violated, and because habeas corpus provides an adequate remedy for addressing Davis' constitutional claims, an extraordinary motion for new trial is not the proper vehicle through which Davis could pursue his claims. Nonetheless, because the trial court denied the motion instead of dismissing it, we vacate the trial court's order and remand the case to the trial court for the purpose of entering a dismissal of Davis' extraordinary motion for new trial. OCGA § 5-5-41 (a) provides that "[w]hen a motion for a new trial is made after the expiration of a 30-day period from the entry of judgment, some good reason must be shown why the motion was not made during such period, which reason shall be judged by the court."

> Any party making an extraordinary motion for new trial must meet two fundamental requirements. First, regardless of the basis for an extraordinary motion for new trial, OCGA § 5-5-41 (a) requires the moving party to show a "good reason" why the motion was not filed during the 30-day period after the entry of judgment. Good reason exists only where the moving party exercised due diligence but, due to circumstances beyond its control, was unable previously to discover the basis for the claim it now asserts. . . . Second, before any motion for new trial — timely or untimely — may be granted, the moving party must

2

show that the error alleged as the basis for the motion was materially harmful.

*Ford Motor Co. v. Conley*, 294 Ga. 530, 540-541 (2) (757 SE2d 20) (2014). "Because they are an extraordinary remedy, extraordinary motions for new trial are not favored in either civil or criminal cases. *Mitchum v. State*, 306 Ga. 878, 880 (1) (a) (834 SE2d 65) (2019) (citation and punctuation omitted). "And, except for the requirement in OCGA § 5-5-41 (a) that the moving party show a 'good reason' for not seeking a new trial within 30 days of the judgment, the requirements for extraordinary motions for new trial are not specified by statute but instead are the product of case law that draws on the statutory requirements for ordinary motions for new trial." Id. (citation and punctuation omitted). This Court will not reverse a trial court's ruling on an extraordinary motion for new trial "unless it affirmatively appears that the trial court abused its discretion." *Bharadia v. State*, 326 Ga. App. 827, 829 (755 SE2d 273) (2014) (citation and punctuation omitted).

In an October 2019 opinion, our Supreme Court addressed the question of whether a post-appeal challenge to a criminal conviction based on the alleged deprivation of a defendant's constitutional rights could be properly pursued through an extraordinary motion for new trial, or whether such a challenge must be pursued

3

exclusively through a petition for a writ of habeas corpus. *Mitchum*, 306 Ga. at 878. In that case, the defendant was convicted of felony murder in 1999, and 15 years later filed a pro se extraordinary motion for new trial based upon alleged improper communications with the jury. *Mitchum*, 306 Ga. at 879. The Georgia Supreme Court held that following the enactment of the Habeas Corpus Act of 1967, "if a prisoner convicted in a Georgia court seeks, post-appeal, to assert the denial of a constitutional right through an extraordinary motion for new trial rather than a petition for a writ of habeas corpus, such claim is not properly raised." *Mitchum*, 306 Ga. at 885 (1) (1).

Just as in *Mitchum*, in the present case, Davis alleges a deprivation of his constitutional rights required the trial court to grant his extraordinary motion for a new trial pursuant to OCGA § 5-5-41 (a). However, as our Supreme Court found, "constitutional matters that are exclusively governed by the adequate remedy of habeas corpus cannot be pursued through [an extraordinary motion for new trial]." *Mitchum*, 306 Ga. at 885 (1) (c). Because habeas corpus provides Davis with an adequate remedy to pursue his constitutional claims, and an extraordinary motion for new trial was not an adequate vehicle to pursue said claims, the trial court should have dismissed the motion. Accordingly, we vacate the trial court's denial of Davis'

4

extraordinary motion for a new trial and remand this case with direction that the extraordinary motion for new trial be dismissed.

*Judgment vacated and remanded with direction. Doyle, P. J., and Markle, J., concur.*